IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVE MICHAEL SCHOPPENHORST,

                        Plaintiff,

v.                                                   OPINION and ORDER

BILL SCHULTZ and PROPERTY PROS, INC,           24-cv-239-jdp

                        Defendants.

---

Plaintiff Steve Schoppenhorst, proceeding without counsel, brings claims for age and disability discrimination and retaliation against his former employer, Property Pros, Inc., and its owner Bill Schultz. Although Schoppenhorst has paid the entire filing fee, this court retains the inherent authority to screen all complaints to ensure that they state a claim for which relief may be afforded and are not frivolous and merely harassing. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

According to his complaint, Schoppenhorst began working for Property Pros in November 2020. Schoppenhorst lived in Alaska at the time; Property Pros is based in Fairbanks. At some point during his employment, Schoppenhorst was injured at work. Defendants moved Schoppenhorst to lighter duty work for a time, but then began demanding that he perform duties he could not physically perform safely. On April 6, 2021, Schoppenhorst was injured again at work and filed for workers compensation. Later that night, defendants terminated him from his position. After his termination, Schoppenhorst had difficulties securing new employment, even after he moved from Alaska to Wisconsin. He says that

defendants' attorney Colby Smith conspired with various Alaskan government officials to delay background checks so that he would not be hired into new positions, to prevent him from securing legal representation in this case, and to prevent him from seeing the medical providers he wanted to see.

There is a glaring problem in this case, which Schoppenhorst himself identifies in his complaint: this court lacks personal jurisdiction over the defendants. A federal court will not usually consider personal jurisdiction on its own. See *Ash v. Wisconsin*, No. 21-cv-317-jdp, 2021 WL 3809912 (W.D. Wis. Aug. 26, 2021); *Souran v. Del. State Fair, Inc.*, No. 19-cv-1088, 2019 WL 3779556, at *1 (E.D. Wis. Aug. 12, 2019). But the court can consider the issue if it would serve the interests of justice and efficiency. *Souran*, 2019 WL 3779556, at *1.

In this case, the defendants are all in Alaska, and Schoppenhorst was also in Alaska when he was employed at Property Pros. Nothing in the complaint indicates that any of the defendants are residents of Wisconsin, nor does Schoppenhorst allege that they took any actions in Wisconsin necessary for personal jurisdiction. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). The only allegation in the complaint tying the defendants to Wisconsin is Schoppenhorst's allegation that the defendants' attorney conspired with Alaskan government officials to prevent him from getting a new job here in Wisconsin, from securing legal representation, and from seeing the medical providers that he wants to see. But these allegations cannot provide the minimum contacts for personal jurisdiction because they are frivolous. Allegations are factually frivolous if they are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted). Schoppenhorst provides no basis for his claim that the defendants' attorney is conspiring with government officials to make life difficult for him.

Schoppenhorst's complaint also makes clear that venue is improper in this district, for the same reasons that the court lacks personal jurisdiction. See 28 U.S.C. § 1391. The proper venue for this case is the District of Alaska, where the defendants reside and where the events giving rise to this case occurred.

There are two reasons why it is in the interest of justice and efficiency for me to consider personal jurisdiction and venue now. First, Schoppenhorst himself admits multiple times in his complaint that he knows there are jurisdictional problems with his bringing this case in Wisconsin, but he says that he wants to bring the case here anyway because he lives in Wisconsin and because he believes that Alaskan government officials are protecting the defendants. *See, e.g.*, Dkt. 4-9, at 2. These explanations are not persuasive. Personal jurisdiction is not based on where the plaintiff lives; it is based on where it would be fair for the defendants to have to come to court to defend themselves. *See Int'l Shoe Co.*, 326 U.S. at 316. And there is no legitimate reason to think that Schoppenhorst's case would not be fairly adjudicated in Alaska.

Second, Schoppenhorst states in his complaint that there are other proceedings related to this case already ongoing in Alaska, including a workers compensation claim that is currently on appeal. Dkt. 4-9, at 2. It would be inefficient and would place a burden on the defendants to have to defend themselves against similar allegations in both Wisconsin and Alaska.

I will give Schoppenhorst two options as to how he would like to proceed. First, I can transfer this case to the District of Alaska. Transferring the case would move it to the appropriate venue without requiring Schoppenhorst to re-file the case or re-pay the filing fee. Second, I can dismiss this case without prejudice, which would end the case in this court, but would leave him free to pursue his claims in a more appropriate venue. Schoppenhorst has until

July 23 to respond to this order telling me which of these two options he prefers. If he doesn't respond, I will dismiss this case without prejudice for lack of jurisdiction.

ORDER

IT IS ORDERED that Plaintiff Steve Schoppenhorst has until July 23, 2024, to respond to this order telling the court whether he would prefer to (1) transfer this case to the District of Alaska, or (2) dismiss this case without prejudice.

Entered July 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge